UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                                                  :

CHARTER CAPITAL RESOURCES,   :
INC., and BERYL ZYSKIND,          :
                                                                  : Civil Action No.: 05-CV-5733 (RO)(AJP)
                                   Plaintiffs,    :     **ECF CASE**
                                                                   :
                    --against--            :
                                                                     :
DELTA MUTUAL, INC., PETER F.    :
RUSSO, NEIL BERMAN, and          :
STANDARD REGISTRAR & TRANSFER :
AGENCY,                                                  :
                                                                    :
                                       Defendants.  :
                                                                    :
-------------------------------------------------------x

## COMPLAINT

Plaintiffs Charter Capital Resources, Inc. ("Charter") and Beryl Zyskind ("Zyskind"), by and through their attorneys, Feder, Kaszovitz, Isaacson, Weber, Skala, Bass & Rhine LLP, and for their Complaint against Defendants Delta Mutual, Inc. ("Delta" or the "Company"), Peter F. Russo ("Russo"), Neil Berman ("Berman"), and Standard Registrar & Transfer Agency ("Standard"), allege as follows:

**Nature of the Action**

1.      This is an action by Plaintiffs—owners of 300,000 shares of common stock in the Company—to compel Defendants to allow the transfer of 232,134 of those formerly restricted common stock in the Company to Plaintiffs' broker for sale in a brokered transaction to the market, and for damages based on Defendants' continued refusal to do so. Despite Plaintiffs' lawful demands that their shares be transferred,

Defendants, collectively, have conspired to block such transfer and deprive Plaintiffs of their valuable property.

## Parties

2.      Plaintiff Charter is a New York corporation with a principal place of business at 150 East 56 Street in New York City.

3.      Plaintiff Zyskind, an individual, resides in Brooklyn, New York, and is the President of Charter.

4.      Defendant Delta is a Delaware corporation with a principal place of business at 111 North Branch Street, Sellersville, Pennsylvania.  Delta is a publicly traded corporation whose stock trades on the OTC bulletin board system.  Upon information and belief, Delta derives a substantial portion of its revenue from interstate commerce.

5.      Upon information and belief, Defendant Russo, an individual, is a resident of Pennsylvania.  Russo is the President of Delta.

6.      Upon information and belief, Russo frequently travels to New York City on business for the Company.  Specifically, Russo has traveled to New York City on at least two occasions to meet with Zyskind for the purpose of inducing Zyskind to purchase stock in the Company.  Upon information and belief, Russo manages the Company, exercises day-to-day control over the Company, and instructs Company counsel with respect to the transfer of the Company's common stock.

7.      Upon information and belief, Defendant Berman, an individual, is a resident of Florida.  Upon information and belief, Berman is the largest single

2

shareholder in the Company, and as a result, exercises control and dominion over the Company.

8.  Berman has traveled to New York City on at least two occasions on behalf of the Company for the purpose of inducing Zyskind to purchase the stock at issue in this lawsuit.

9.  Upon information and belief, Defendant Standard is a New Mexico corporation with a principal place of business in Albuquerque, New Mexico. Standard is the Company's transfer agent. Upon information and belief, Standard derives substantial revenue from interstate commerce, and upon information and belief, transacts business in New York.

## Jurisdiction and Venue

10.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 in that the controversy is between citizens of different States and the amount in controversy exceeds $75,000.

11.  This Court has personal jurisdiction over Defendants Russo and Berman pursuant to CPLR 302(a)(3)(i), and over Defendants Delta and Standard pursuant to CPLR 302(a)(3)(ii).

12.  Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this lawsuit took place in New York City.

## General Factual Allegations

13.  Delta is a publicly traded corporation, whose shares trade on the OTC bulletin board system.

14. On or about March 4, 2004, Charter entered into a Consulting Services Agreement with Delta, pursuant to which it agreed to provide Delta with certain marketing, consulting, and public relations services.

15. As consideration for the Consulting Services Agreement, Delta issued to Charter 100,000 common shares of Delta stock.

16. Charter has performed all services required, and otherwise discharged all of its obligations under the March 4, 2004 Consulting Services Agreement.

17. Pursuant to a Subscription Agreement, dated March 17, 2004, Zyskind purchased 200,000 common shares of Delta stock for $.125 per share.

18. Delta issued stock certificates to Charter in the amount of 100,000 shares, and to Zyskind in the amount of 200,000 shares (the "Certificates").

19. Both Certificates bear the legend that they are restricted securities, as that term is defined under Rule 144 promulgated pursuant to the Securities Act of 1933 (the "Act").

20. In or about May 2005, having retained their common shares for more than one year, Plaintiffs sought to sell 232,134 of their common shares in a brokered transaction to the market as permitted by Rule 144, promulgated under the Act.

21. To accomplish this, Plaintiffs and their broker made the necessary representations to the Company and its counsel, and asked Company counsel, Michael Paige, Esq., to issue an opinion pursuant to Rule 144, and instruct Standard to transfer the 232,134 shares to the street name designated by Andrew Garrett, Inc., Plaintiffs' broker.

22. On or about May 13, 2005, Russo sent a letter to Plaintiffs' counsel on Delta's letterhead and stated that upon receipt of a Rule 144 opinion letter, signed

4

shareholder representation letter, and a brokers representation letter by Standard, he will instruct Standard to proceed with the transaction (to sell Plaintiffs' shares).

23. On or about May 18, 2005, Company counsel communicated with Plaintiffs' broker by e-mail, and indicated that he would issue to Plaintiffs a Rule 144 letter upon the payment of $1,000 for two such opinion letters.

24. Although Plaintiffs indicated their willingness to pay this fee to Company counsel, he refused to provide wire transfer instructions and accordingly, the payment was not made.

25. Despite complying with Company counsel's request and submitting the necessary paperwork, Company counsel refused to issue the appropriate opinion letters and refused to instruct Standard to transfer Plaintiffs' shares to their broker.

26. On or about June 2, 2005, Plaintiffs' counsel contacted Company counsel and demanded that Company counsel issue an appropriate opinion letter and instruct Standard to transfer Plaintiffs' shares to their broker.

27. In response, Company counsel stated that he had been instructed by the Company not to issue a Rule 144 opinion letter, and not to instruct Standard to transfer Plaintiffs' shares.

28. Company counsel further stated that Plaintiffs' counsel was free to issue its own Rule 144 opinion letter, and that the Company would assert no legal objection to such a letter.

29. Company counsel further referred Plaintiffs' counsel to a different attorney, John M. Coogan, Jr., Esq., for an explanation as to why the Company had not instructed Standard to transfer Plaintiffs' shares.

30. In response to Plaintiffs' counsel's inquiry, Mr. Coogan replied that there was a "dispute" as to the ownership of Plaintiffs' shares, and that the Company was trying to resolve the dispute prior to instructing Standard to transfer Plaintiffs' shares.

31. Plaintiffs' counsel replied that it was unaware of any dispute with respect to Plaintiffs' shares, and asked Mr. Coogan to provide written documentation, if any existed, concerning such dispute. To date, no such documentation has been supplied.

32. Plaintiffs are unaware of any dispute concerning the ownership of their shares. Indeed, the only possible claim Plaintiffs are aware of is an offer made by Defendant Berman, in or about April 2005 to purchase Plaintiffs' shares.

33. Berman, however, never tendered the purchase price and the sale was not consummated. Thus, Plaintiffs retain both the beneficial ownership of their shares as well as the Certificates.

34. On June 6, 2005, Plaintiffs' counsel issued an opinion letter to Standard, with copies to the Company, Defendant Russo, and Company counsel, opining that Plaintiffs are legally entitled to sell the aforementioned 232,134 common shares of Company stock in a brokered transaction to the market pursuant to Rule 144 promulgated under the Act.

35. On or about June 6, 2005, Plaintiffs' counsel forwarded its Rule 144 opinion letter, together with a signed shareholder representation letter and a brokers

6

representation letter to Standard, as requested by Russo in his May 13, 2005 letter to Plaintiffs.

36.  Despite having complied with the conditions outlined in Russo's May 13, 2005 letter, Russo and the Company have not instructed Standard to transfer Plaintiffs' shares to Plaintiffs' broker.

37.  On or about June 14, 2005, Standard sent a letter to Plaintiffs' broker confirming that because Company counsel had not issued a Rule 144 opinion letter, it could not accept Plaintiffs' request for a transfer of their shares.

38.  To date, the Company and its counsel have refused to instruct Standard to transfer Plaintiffs' shares, Standard has refused to transfer Plaintiffs' shares, and Plaintiffs' shares have not been transferred.

39.  As a result of this conduct, Plaintiffs have suffered, and continue to suffer irreparable harm in that the share price of the Company has fallen from $.99 per share on May 27, 2005 to $.37 per share as of today.  Because the price of the Company's stock continues to fluctuate, it is impossible to calculate with precision Plaintiffs' ultimate damages unless Defendants are ordered to transfer Plaintiffs' shares to their broker for sale to the market.

40.  Upon information and belief, the Company and Standard are not transferring Plaintiffs' shares to Plaintiffs' broker because they have unlawfully been instructed not to do so by Russo and Berman.

41.  Upon information and belief, the Company's and Standard's unlawful refusal to transfer Plaintiffs' shares is a result of a conspiracy between Berman,

7

on the one hand, and Russo, the Company, and Standard, on the other hand, to force Plaintiffs to sell their shares to Berman at below-market value.

42. Upon information and belief, Russo and the Company are complicit in this conspiracy because they are beholden to Berman, the Company's largest shareholder.

## FIRST CLAIM FOR RELIEF
**(Interference with Prospective Economic Advantage against all Defendants)**

43. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 42 as if each were fully set forth herein.

44. By virtue of their ownership of the Company's shares for over one year, Plaintiffs have the legal right to sell their shares (up to 1% of the Company's current outstanding shares) in a brokered transaction to the market.

45. If Plaintiffs were able to exercise their legal right, they would have a specific, identifiable opportunity to sell their shares for a profit of approximately $200,000.

46. Defendants, and each of them, are aware that Plaintiffs own 300,000 common shares of company stock, have the present right to sell 232,134 of those shares, and have a specific, identifiable opportunity to sell such shares.

47. Defendants, and each of them, have unlawfully interfered, and continue to unlawfully interfere with Plaintiffs' right and opportunity to sell their shares.

48. As a result of this conduct, Plaintiffs have been damaged, thus far, in an amount in excess of $200,000.

49. Moreover, because Defendants are continuing to unlawfully prevent Plaintiffs from selling their shares, Plaintiffs have suffered and continue to suffer irreparable harm, and have no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### (Conversion against Delta, Russo and Berman)

50. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 49 as if each were fully set forth herein.

51. Plaintiffs are the beneficial owners of 300,000 common shares of Delta stock.

52. By reason of the conduct described above, Defendants Delta (through Company counsel), Russo, and Berman have deprived Plaintiffs of the use of those shares, to wit, they have, without justification or excuse, exercised control and dominion over those shares by preventing Plaintiffs from making use of the shares by concluding a lawful sale of those shares to the public market.

53. As a result of this conduct, Plaintiffs have been damaged, thus far, in an amount in excess of $200,000.

54. Moreover, because Defendants are continuing to unlawfully prevent Plaintiffs from selling their shares, Plaintiffs have suffered and continue to suffer irreparable harm, and have no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
### (Extortion against Berman and Russo)

55. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 54 as if each were fully set forth herein.

56. Plaintiffs are the beneficial owners of 300,000 common shares of Delta stock.

57. By virtue of their ownership of the Company's shares for over one year, Plaintiffs have the legal right to sell a substantial portion of their shares in a brokered transaction to the public market.

58. By reason of the conduct described above, Berman and Russo have unlawfully prevented Plaintiffs from selling their shares.

59. Upon information and belief, Berman and Russo initiated, and are continuing their unlawful conduct in an unlawful attempt to extort Plaintiffs, by forcing them to sell their shares to Berman at a below-market price.

60. As a result of this conduct, Plaintiffs have been damaged, thus far, in an amount in excess of $200,000, plus punitive damages, costs, and attorneys' fees.

61. Moreover, because Defendants are continuing to unlawfully prevent Plaintiffs from selling their shares, Plaintiffs have suffered and continue to suffer irreparable harm, and have no adequate remedy at law.

**FOURTH CLAIM FOR RELIEF**
**(Breach of Fiduciary Duty against Russo)**

62. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 61 as if each were fully set forth herein.

63. Defendant Russo is an officer of Delta.

64. Plaintiffs are the beneficial owners of 300,000 common shares of Delta stock.

65. As a result of his position within the Company, Russo owes a fiduciary duty to the Company's shareholders, including Plaintiffs.

10

66. As a result of his unlawful conduct, as described above, and specifically as a result of his conspiracy with Berman to deprive Plaintiffs of the benefits of their ownership of Company stock, Russo has breached his fiduciary duty to Plaintiffs.

67. As a result of Russo's conduct, he has damaged Plaintiffs, thus far, in an amount in excess of $200,000, plus punitive damages, costs, and attorneys' fees.

### FIFTH CLAIM FOR RELIEF
**(Preliminary Injunction against all Defendants)**

68. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 67 as if each were fully set forth herein.

69. Plaintiffs are the beneficial owners of 300,000 common shares of Delta stock.

70. By reason of the conduct described above, Defendants Delta (through Company counsel), Russo, and Berman have prevented Plaintiffs from making a lawful sale of their shares.

71. The value of Delta's share continues to fluctuate, and in the absence of an immediate order, pending the outcome of this litigation, requiring Defendants to transfer Plaintiffs' share to Plaintiffs' broker for sale in the public market, the value of Plaintiffs' shares may be reduced to zero, or to an amount below Plaintiffs' cost.

72. Plaintiffs have no adequate remedy at law.

**WHEREFORE,** Plaintiffs respectfully request that the Court enter a judgment in their favor and against Defendants:

(1) On the First Claim in the amount of $200,000;

(2) On the Second Claim in the amount of $200,000;

    (3) On the Third Claim in the amount of $200,000, plus punitive damages in an amount to be determined by the Court, costs, and reasonable attorneys' fees;

    (4) On the Fourth Claim in the amount of $200,000, plus punitive damages in an amount to be determined by the Court, costs, and reasonable attorneys' fees;

    (5) On the Fifth Claim, for an immediate Order, pending the outcome of this litigation, requiring Defendants to take such steps as necessary to transfer 232,134 of Plaintiffs' shares of common stock in Delta to the street name of Plaintiffs' broker for immediate sale to the public market; and

    (6) On all Claims, for such other and further relief as the Court deems just and proper.

Dated: New York, New York  
    June 20, 2005

                FEDER, KASZOVITZ, ISAACSON,  
                WEBER, SKALA, BASS & RHINE LLP


                By: _____/s/_____  
                  Howard I. Rhine  (HR-1961)  
                  David Sack  (DS-6532)  
                750 Lexington Avenue  
                New York, New York 10022  
                Telephone:  (212) 888-8200

                Attorneys for Plaintiffs